```
               UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF OHIO
                     WESTERN DIVISION
```

DORIAN BROADNAX,                :
                                : No. 1:06-CV-00564
    Petitioner,                 : No. 1:04-CR-00102(2)
                                :
                                :
  v.                            : **OPINION AND ORDER**
                                :
                                :
UNITED STATES OF AMERICA,       :
                                :
    Respondent.                 :
                                :

       This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct His Sentence (docs. 1, 82), the United States' Response in Opposition (doc. 84), and Petitioner's Reply (doc. 85).  For the reasons indicated herein, the Court DENIES Petitioner's Motion and  DISMISSES this case from the Court's docket.

       On January 18, 2005, Petitioner pled guilty to conspiracy to distribute and possess in excess of five kilograms of cocaine (doc. 77).  The Court sentenced Petitioner on May 5, 2005, to a one-hundred twenty-one month term of imprisonment (doc. 63).  The Court advised Petitioner at sentencing that he could ask the clerk to file a notice of appeal within ten days.  Petitioner filed no timely notice of appeal prior to the May 16, 2005 deadline (doc. 84).  Petitioner filed the instant motion to vacate, set aside, or correct sentence on August 24, 2006 (<u>Id</u>.).

       The government argues that Petitioner's motion to vacate,

set aside, or correct sentence is untimely, as such a motion must be filed within one year after the sentence becomes final (Id. citing Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004).  In this case, argues the government, Petitioner's sentence became final on May 19, 2005[1], when he did not appeal the judgment (Id.).  Accordingly, the government contends, Petitioner had until May 19, 2006 to file the instant motion (Id.).  He filed it too late (Id. citing 28 U.S.C. § 2255).

Petitioner's Reply attempts to place the onus on both the Court and the government for his failure to file a timely motion (doc. 85).  He argues that the Court should allow him to show cause as to why he filed his motion out of time, and indicates time lapsed before he realized the wrongs allegedly done to him by his counsel (Id.).  The balance of Petitioner's argument apparently argues that the provisions of law under which he was charged in the Indictment, 21 U.S.C. § 841(a)(1), 21 U.S.C. § 846, and 21 U.S.C. § 841(b)(1)(A)(ii), "do not state a crime," and therefore it was unconstitutional for him to be charged with violating these statutes.

Having reviewed this matter, the Court finds the government's position well-taken that Petitioner filed his motion too late.  Petitioner entered a valid guilty plea in this matter

---

[1] The government states May 19, 2005 was the deadline, but the actual deadline set by the Court, ten days after the sentence, was Monday, May 16, 2005.

(doc. 77). The Court advised him of his appeal rights, which he did not assert. His judgment became final and he did not file the present motion within the requisite one-year time period. 28 U.S.C. § 2255. Finally, although it need not reach the merits, the Court agrees with the government that Petitioner's claim that 21 U.S.C. §§ 846 and 841 do not state a crime is completely frivolous. All such arguments his petition premised on such theory are lacking in merit.

Accordingly, for all of these reasons, the Court DENIES Petitioner's Motion to Vacate, Set Aside, or Correct His Sentence (docs. 1, 82), and DISMISSES this case from the Court's docket. The Court further DECLINES to issue a certificate of appealability because a jurist of reason would not find it debatable whether this Court is correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). Finally, pursuant to 28 U.S.C. § 1915(a)(3), this Court CERTIFIES that any appeal of this Order will not be taken in good faith, and any application to appeal in forma pauperis will be denied.

SO ORDERED.

Dated: February 6, 2007          /s/ S. Arthur Spiegel
                                 S. Arthur Spiegel
                                 United States Senior District Judge

3